**Narendra KUMAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 13–70456.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 19, 2014.

Mike Singh Sethi, Esquire, Orange, CA, for Petitioner.

Richard Zanfardino, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Narendra Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies in the record regarding the city Kumar lived in, and who attacked him in 2009, and based on Kumar's evasive testimony. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). We reject Kumar's contention that the inconsistencies were trivial. Further, Kumar's explanations do not compel the opposite result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We lack jurisdiction to consider Kumar's contentions regarding interpretation problems at his hearing. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (no jurisdiction over issues not raised in administrative proceedings below). In the absence of credible testimony, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, substantial evidence supports the agency's denial of Kumar's CAT claim because, even if credible, Kumar failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the Indian government. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008). The record does not support Kumar's contention that the IJ ignored evidence.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.